MR. JUSTICE SHEA,
specially concurring:
I agree with the result of this case but I do not agree with all that is said in relation to the search and seizure question.
The trial court did not find the motion to suppress was untimely. After the motion to suppress was filed the trial judge heard the evidence and denied the motion without stating his reasons. He left it for this Court to speculate as to the reasons he denied the motion. I do not agree however, that the evidence was not illegally seized.
*194 With regard to the exclusionary rule and its application to searches and seizures, I feel this Court is paying too much attention to the United States Supreme Court in interpreting the 4th Amendment to the United States Constitution, and not paying enough attention to Art. II, Section 11, of Montana’s 1972 Constitution which provides:
“The people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures. No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing.”
Undoubtedly we are bound by the United States Supreme Court in its interpretations of the United States Constitution but we are not bound by it when we implement arid give meaning to Montana’s Constitution. We certainly can reach a contrary result by interpreting similar provisions of Montana’s Constitution.
Without specifically referring to the Montana Constitution this Court seems to be holding that the exclusionary rule is not a personal right of the accused, although the right to be free from unreasonable searches and seizures is his personal right. Without the exclusionary rule the right to be free from unreasonable searches and seizures would be meaningless. I would hold the exclusionary rule is part and parcel of Art. II, Section 11 of the 1972 Montana Constitution and accordingly-is a personal right of the defendant. This does not mean that a defendant can feel free to raise the issue at any time during the proceedings. But it does mean that a defendant must be informed, in sufficient time ahead of trial, that he has a right to make a motion to suppress. If a defendant files no motion to suppress, the court should obtain an informed, intelligent waiver.
Here, the defendant has shown no prejudice however, because the trial court did hear the motion to suppress and a review of the evidence clearly shows the motion was properly denied.